IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PRINCE F. RASHADA,

                Plaintiff,                OPINION AND ORDER

v.

                                              18-cv-62-wmc

CATHY JESS, ET AL.,

                Defendants.

*Pro se* plaintiff Prince F. Rashada, a prisoner at the Fox Lake Correctional Institution ("FLCI"), is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2(b), on claims that defendants violated his constitutional and statutory rights by confiscating his religious newspapers. Currently before the court are Rashada's motion to amend his complaint (dkt. #20), motion for a preliminary injunction and temporary restraining order (dkt. #22) and motion to compel (dkt. #23). For the reasons that follow, the court is denying Rashada's motions to amend and compel, but will direct defendants to respond to his request for a preliminary injunction related to the continued confiscation of his newspapers.

I. **Motion to amend complaint (dkt. #20)**

Rashada seeks to amend his complaint to provide further details about the claims upon which he is proceeding. While the proposed amended complaint updates the list of defendants to include only those the court allowed him to proceed against, provides details about Rashada's efforts to exhaust his administrative remedies, and elaborates on the

injunctive relief he seeks, Rashada's proposed claims are the same. For that reason, the court sees no basis to modify the operative complaint in this lawsuit and require defendants to file another answer. Accordingly, the motion to amend will be denied as unnecessary.

**II.     Motion for preliminary injunction and temporary restraining order (dkt. #22)**

Rashada seeks a preliminary injunction and temporary restraining order: (1) requiring FLCI to recognize the Nation of Islam ("NOI") as an approved religion; (2) instructing Wisconsin Department of Corrections ("DOC") employees not to force Rashada to take part in a religious group that does not reflect his personal beliefs; (3) instructing DOC employees to stop discriminating against and mistreating Rashada with respect to his NOI practice; and (4) precluding defendants from denying future Final Call newspapers. (*See* dkt. #22-1.) To start, Rashada has not made a showing that he requires *immediate* relief without notice to and an opportunity to respond by the defendants, his request for a temporary restraining order will be denied. *See* Fed. R. Civ. P. 65(b)(1) (to obtain temporary restraining order without prior notice to the adverse party, plaintiff must show that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). However, with respect to his request for a preliminary injunction, the court will direct defendants to respond, but only to his request related to the Final Call newspapers.

Rashada's first three requests are broader than his claims in this lawsuit, so the court is denying those requests for that reason. *See* 18 U.S.C. § 3626(a)(2) (injunctive relief to remedy prison conditions must be "narrowly drawn to extend no further than necessary to

correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm"). However, his fourth request relates to Rashada's challenge to the confiscation of his Final Call newspapers, which is the subject of his RLUIPA and constitutional claims in this lawsuit. Since Rashada has submitted an affidavit in which he avers that Final Call newspapers do not violate prison policy in any way, the court will require defendants to respond to that request for preliminary injunctive relief.

III.   Motion to compel (dkt. #23)

Finally, Rashada's motion to compel will be denied. In it, Rashada asks for an order requiring defendants to respond to his first set of interrogatories and request for production of documents. Yet defendants point out that their deadline to respond had not yet passed when Rashada filed his motion, Rashada did not try to work with defendants before filing his motion, and, in any event, defendants now have timely responded to Rashada's discovery requests. Rashada does not dispute defendants' response. Accordingly, the court accepts that Rashada's motion to compel was premature and will deny it.

ORDER

IT IS ORDERED that:

1) Plaintiff Prince Rashada's motion for leave to amend (dkt. #20) is DENIED.

2) Plaintiff's motion to compel (dkt. #23) is DENIED.

3) Plaintiff's motion for a preliminary injunction (dkt. #22) is RESERVED in part and DENIED in part, as provided above.

3

4) Defendants may have until **October 30, 2019**, to respond to plaintiff's motion for a preliminary injunction related to the confiscation of his Final Call newspapers. Plaintiff may have until November 13**, 2019,** to file a reply brief.

Entered this 9th day of October, 2019.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge